IN THE UNITED STATES DISTRICT
COURT MIDDLE DIVISION FOR
THE STATE OF FLORIDA

DOYLE L. HEARD –AKA–
DOYE L. HEARD, D.C. #079390,
   Plaintiff,

vs.

Case No.: T.B.A.

3:19-cv-1432-J-25MCR

FLORIDA DEPARTMENT OF CORRECTIONS, SECRETARY,
FLORIDA COMMISSION ON/OF OFFENDER REVIEW,
FORMERLY THE PAROLE COMMISSION, CHAIRPERSON
CHIEF EXECUTIVE OFFICE FOR THE STATE OF FLORIDA, ET. AL.,
   Defendant(s).
_____/

## CIVIL RIGHTS COMPLAINT VIOLATIONS
## PURSUANT TO TITLE 42 U.S.C. 1983

The Plaintiff, Doyle L. Heard – AKA – Doye L. Heard Department of Corrections Inmate, State Prisoner identification Number 0-079390, currently incarcerated at the Suwannee Correctional Institution, located at 5964 U.S. Highway 90 (Annex), Live Oak, FL 32060, files this formal United States Constitutional Civil Rights Complaint for good cause and in good faith, pursuant to the U.S. Constitution's first (1st), Fourth (4th), fifth (5th) Sixth (6th), Eighth (8th) and Fourteenth (14th) amendments, as these amendments apply to violations of various acts and omissions, pertaining to and including but not limited to access to court, liberty interest, due process, double jeopardy, fraud, falsifying records of release,

obstruction of justice, cruel and unusual punishment, gain time deprivation, equal protection of law, inflicting mental and emotional distress and anguish. Legal precedent relied on <u>Raske-v-Martinez,</u> 876 F.2d 1496 (11th Circuit 1989).

## PARTIES TO COMPLAINT VIOLATION(S)

### Plaintiff:

Mr. Heard, a state prisoner held in custody of the Defendant(s) against his will, in violation of the United States Constitutions above cited amendments, as these amendments pertain to official abuse of discretion, deliberate indifference and deprivation of accrued already earned gain-time. This conduct is in violation of well established State and Federal law(s). The judicially imposed sanctions have expired leaving the Plaintiff in the status of hostage, kidnapped and liberty interest issues.

### Defendant(s):

**1.)** The State of Florida's Secretary for the agency Florida Department of Corrections, in his or her current official and individual private capacities. The Plaintiff has served proper, timely and sufficient notice of the complained status, citing and providing documentary proof of constitutional deprivation of gain-time and abuse of discretion in failure to act, specific performance to correct the abuse and deprivation, to no avail. The Defendant secretary knew or should have known,

that to deprive Plaintiff of accrued gain time awards, violated Plaintiff's constitutional rights to due process, equal protection and liberty.

2.) The State of Florida's chairperson of the agency Florida commission of offender's review, formerly, the Florida Parole and Probation commission, in his or her current official and individual private capacities. The Plaintiff has "noticed", the Defendant(s) of the official abuse of discretionary authority, fraudulent altering of records, issuance of bogus warrants, statements (libel and slander) associated with the official duties, responsibilities and discretion, used to violate the Plaintiff, Mr. Heard's constitutional civil rights. The Defendant herein conspired, acted in cohort, to orchestrate conduct to violate civil rights and liberty of the Plaintiff. The intentional, wanton, deliberate disregard of the Plaintiff's right to accrued gain-time and due process and equal protection of well settled administrative procedures that Defendant(s) knew or should have known that would act operate to deprive Plaintiff of his constitutional right(s) to well over eight thousand four hundred (8,400) days of accrued already earned gain-time award credits, which created an infringement of Plaintiff's liberty.

3.) The State of Florida's chief executive official in charge of agencies Florida Department of Corrections and the Florida Commission of Offender's Review, formerly, the Florida Parole and Probation Commission, in his or her current official, individual and private capacities. The Plaintiff by correspondence

did "notice" inform and seek assistance of the Defendant herein cited and referenced, the governor's office at the capitol plaza PL-01, Tallahassee, to present the substance of the abuse and deprivation by State Agencies under the direct, authority and supervision of the chief executive official of the state of Florida, who is divested with the power and responsibility to govern abuse, negligence, civil rights violations and to "end" deprivation of State Wards, prisoners, inmates gain time and restraints, restrictions of and on liberty. The official knew or should have known that the State Agencies, (named Defendants) the subordinates were subverting the administrative duties, records, responsibilities assigned and the official herein named (cited) could have and should have ordered, instructed or directed and investigatory process to validate, verify accuracy. The abuse of discretion, lack of concern, deliberate, callous, indifference in the non performance of his or her specific duties, act to deny, deprive and violate the Plaintiff, Mr. Heard's constitutional civil rights, to be free of cruel, unusual callous punishment, liberty violation, lack of due process and equal protection of state and federal law(s).

## STATEMENT OF FACTS

The Plaintiff, Mr. Heard, is being unconstitutionally subjected to a prison reform act of 1983, that violations the Plaintiff's constitutional right to liberty and equal protection of laws. The Plaintiff is (grand fathered) in under the prison

reform act of 1978, that was applicable and in place at the time of the Plaintiff's 1980, offenses and 1981, sentence imposition. Any undenied, unrefuted claims or allegations are accepted, as true.

The 1983, Prison Reform Act subjects the Plaintiff to an abridged version, application of the applicable monthly award credit intended by the Florida legislature for inmate prisoners who committed crimes and were sentenced under or before the enactment of the prison reform act 1983.

Had the Defendants not applied, used or subjected the Plaintiff to the unconstitutional infringement the awards credit would have expired the Plaintiff's judicially imposed sentence, as the Florida legislature intended well before the current alleged 2031 release date.

The Plaintiff, has offered repeated challenge to the unconstitutional infringement upon Plaintiff's liberty and civil rights, various acts and omissions have occurred since the Defendants deprivation of Plaintiff's gain time awards, including food poisoning, hospitalization, loss of family, altering and doctoring of records in an effort to conceal and deprive the Plaintiff of his constitutional rights to gain time awards applicable in accordance with the prison reform act 1978.

The Plaintiff has been denied meaningful access to court, an impartial determination of the violations, due process, and equal protection. Approximately ten thousand (10,000) plus days of Plaintiff's accrued gain time award credits have

been unconstitutionally cancelled, withheld and/or miscalculated under the misapplied prison reform act 1983.

The Department of Corrections' data base is incapable of accurately, timely and sufficiently recording Plaintiff's gain-time awards. The current system is inapt to properly calculate inmate prisoners, such as the Plaintiff's awards, to the Plaintiff's detriment. The use of the prison reform act of 1983, has offered convenience to the agency's users, at the expense of the pre-1983, inmate prisoner's constitutional rights to liberty, freedom, emotional and mental distress, not only on the inmate prisoners, but also on the family, friends and love ones.

## STATEMENT OF THE CLAIMS

More than ten thousand (10,000) days of Plaintiff's already accrued, earned and entitled gain time award credits have been subject to deliberate administrative abuse, cancellation, violation and negligence, at the wanton hands of the Defendants, in order to deprive the Plaintiff of his constitutional right to liberty, due process and equal protection of law. No infraction of rules, policies or administrative procedures to warrant the withholding occurred.

In accordance with the legal precedent of Pearson v. Moore, 767 So.2d 1235 and approved Moore v. Pearson, 789 So.2d 316, the Defendants acts are invited errors of administrative duties and responsibilities, a willful substantial violation of State Laws. The Defendants are without authority, power and discretion to alter,

change, reaudit, redact and/or doctor the Plaintiff's judicially imposed sentence to the Plaintiff's detriment, as in the complaint herein.

The prison reform act 1983, as applied to the Plaintiff's gain time award is unconstitutional, in accordance with the hybrid definition of <u>Waldrup v. Dugger,</u> 562 So.2d 687, which has determined that the prison reform act 1983, may be applied to inmate prisoners sentenced before the enactment of the 1983, reform act, "to increase the amount of basic gain-time award credits, <u>but not</u> to decrease the incentive or work gain-time awards", Plaintiff is governed by <u>Waldrup</u>.

Where <u>Waldrup v. Dugger</u> affords inmates, as the Plaintiff up to five hundred and forty-five (545) days, plus the time for actual physical confinement per year, for a total of (910) days credit toward the sentence yearly, other than leap years.

The prison reform act 1978, as legislature intended would have and should have expired, expired the Plaintiff's fifty (50) years sentence in or about 1997-98, before the Plaintiff was made subject to a (1999) parole grant that fail to attach to the expired sentence. The application of the unconstitutional prison reform act 1983, operates not only to decrease the amount of incentive and work-gain time awards, but has been exercised in an expost-facto manner to cancel, penalize, with hold and forfeit Plaintiff's already earned and accrued gain time. Amounting to a deprivation of release from incarceration.

In accordance with the function of accrued gain time, the ten thousand (10,000 plus days deprived), accrued gain-time is the functional equivalent of time spent in person; that is, "time served" and accrued gain time extinguishes that portion of prisoner's sentences, the well established laws in State v. Green, 547 So.2d 925, at 926 and Heuring v. State, 559 So.2d 207, therefore, the Plaintiff's liberty has been unconstitutionally withheld in opposition to Defendants' own legal precedent established under the state laws, also Florida Statute Section 944.291 (1981) and 944.275-944.28 (1980-81).

The Defendants use of a parole grant and an alleged parole grant violation, attached to an expired sentence is blatant fraud, conspiracy and abuse of power.

According to Booker-v-Florida Parole Commission, 643 So.2d 668 and the use or application of the Florida Statute Section 947.141(6) (1997) is false imprisonment. The Plaintiff Mr. Heard, is "grand fathered in" under the laws, rules and legislated intent for inmate prisoner's who crimes occurred before the enactment of the May 30th, 1997, provisions of conditional release, a provision for which the Plaintiff is ineligible. To subject the Plaintiff to the mental, physical, emotional stress and anguish of denial after denial for years of denials is cruel and unusual punishment, abuse of delegate powers and authority and callous, wanton, deliberate indifference. Any undenied, unrefuted allegations and claims are accepted as true.

## CLAIMS AND CAUSE OF ACTION

1.) The prison reform act, as applied or misapplied to the Plaintiff's sentence structure has been unconstitutional.

2.) The Defendants have continually committed violations of Plaintiff's civil rights to due process of administrative and constitutional duties responsibilities.

3.) The Defendants violated Plaintiff's right to liberty and equal protection under the constitution.

4.) The altering, doctoring, reaudit, changing of Plaintiff's records affecting status for release is fraud, falsifying of records, documents and statement without "notice" or due process is constitutionally flawed.

5.) The failure of Defendants to correct and/or amend and order the corrections to expedite the Plaintiff's release from unconstitutional liberty restraint is gross negligence and contributed to the emotional and mental distress to the Plaintiff.

6.) The Defendants subjected the Plaintiff to serve more time in prison, incarcerated, than was judicially imposed is double jeopardy in violation of the United States Constitutions guarantee against such jeopardy, as claimed.

7.) The Defendants withholding, cancelation, forfeiture or penalization of the Plaintiff's already earned and accrued gain time award credits under the 1997,

conditional release statute is expost-facto, contributing to false imprisonment. Any undenied-unrefuted allegations or claims are accepted as true.

### RELIEF SOUGHT

The Plaintiff seeks and request a trial by jury, a declaratory judgment decree against the Defendants, restoration of liberty and injunctive order preventing Defendants conduct, acts, omissions and fraudulent misrepresentation practiced on or against the Plaintiff and similarly situated other inmate prisoners, any and other further relief this Honorable Court may deem just, equitable and fair.

### CONCLUSION

**Wherefore,** Plaintiff prays for relief, **done and executed**, this 11th day of December 2019.

/s/ Doyle L. Heard
Doyle L. Heard –AKA–
Doye L. Heard (pro-se)
DC# 079390
Suwannee Correctional Institution Annex
5964 U.S. Highway 90
Live Oak, Florida 32060

## OATH AFFIDAVIT

STATE OF FLORIDA )
COUNTY OF SUWANNEE COUNTY )

**Sworn to and Subscribed** before me the Undersigned personally appeared Doyle L. Heard, who did produce identification and who did take an oath and says, he is the Plaintiff in the foregoing civil rights complaint, that the facts, statements and occurrences presented by and in the petition for review are true and verifiable **under penalty of perjury** executed this  11th  day of December 2019.

_____
Notary Public
RACHEL POPE
MY COMMISSION # GG 004342
EXPIRES: June 21, 2020
Bonded Thru Budget Notary Services

_____
Doyle L. Heard (Plaintiff Pro Se)

My Commission Expires:

11